UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**KENNETH CULPEPPER**,                                       :
                                                             :
                    Plaintiff,       :  **MEMORANDUM AND ORDER**
                                                             :
         – against –                            :  24-CV-3921 (AMD) (LD)
                                                             :
**RAYMOND TIERNEY, SUFFOLK COUNTY**                          :
**DISTRICT ATTORNEY; ROBERT**
**FOGARTY, SUFFOLK COUNTY**                                  :
**ASSISTANT DISTRICT ATTORNEY**; and
**DEL ATWELL, SUFFOLK COUNTY**                               :
**DEFENSE ATTORNEY**,
                                                             :
                    Defendants.
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On May 30, 2024, the *pro se* plaintiff, currently incarcerated at the Suffolk County Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 against Suffolk County District Attorney Raymond Tierney and Assistant District Attorney Robert Fogarty and the plaintiff's defense counsel Del Atwell.  (ECF No. 1.)  The Court grants the plaintiff's application to proceed *in forma pauperis*.  (ECF No. 2.)  For the following reasons, the complaint is dismissed without leave to amend.  The Court also dismisses the plaintiff's request for injunctive relief.

## BACKGROUND

In the complaint, a downloadable form for the Eastern District of New York titled "Civil Rights Complaint," the plaintiff alleges that he was indicted and arraigned in Suffolk County Court on February 10, 2024.  (ECF No. 1 at 4, 7.)  He asserts that the prosecutors from the Suffolk County District Attorney's Office and his defense attorney denied him "[his] right to

1

testify at the grand jury" in his state criminal action, "violating [his] [d]ue process and [the] 14th [A]mendment." (*Id.* at 4.) The plaintiff attached a transcript of his arraignment to his complaint. (*Id.* at 7–12.) At his arraignment, the plaintiff informed the court, "I would like to testify at the Grand Jury." (*Id.* at 12.) The court advised him to speak with his attorney and cautioned, "Sir, I suggest you say nothing to preserve and protect your rights." (*Id.*) The plaintiff replied, "That's my right. And I would like to protect it and I would like to testify at the Grand Jury. I do not waive none of my rights." (*Id.*) In his complaint, the plaintiff also alleges that he has been denied discovery, that his bail is excessive, and that he has been denied his right to a speedy trial. (*Id.* at 5.) He seeks monetary damages and injunctive relief, including dismissal of the state criminal action.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[1] a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss

---

[1] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

2

the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B). Further, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veteran Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (citation omitted).

## DISCUSSION

### I.  Section 1983 Claims

To establish a claim under § 1983, the plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). As explained below, the plaintiff's § 1983 claims against defendants Tierney, Fogarty, and Atwell are dismissed for failure to state a claim.

####   a.  District Attorney Raymond Tierney and Assistant District Attorney Robert Fogarty

The plaintiff's § 1983 claims against Suffolk County District Attorney Tierney and Assistant District Attorney Fogarty arise from their roles in the state criminal prosecution of the

3

plaintiff. The plaintiff does not allege that these defendants acted outside of the scope of their roles as prosecutors. Because "[a]bsolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case,'" *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) (citation omitted), the plaintiff's claims against Tierney and Fogarty must be dismissed. *See also Randolph v. Suffolk Cnty. Dist. Attorney's Off.*, No. 21-CV-841, 2021 WL 1124603, at *3 (E.D.N.Y. Mar. 24, 2021) (finding that the Suffolk County Assistant District Attorney was "entitled to absolute immunity from any claims related to his role in prosecuting Plaintiff," and dismissing claims against him).

Moreover, the Eleventh Amendment bars a suit for money damages against Tierney and Fogarty because they were acting in their official capacities. "[A] suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment." *Sharp v. Morgenthau*, No. 08-CV-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010). Accordingly, Tierney and Fogarty are immune from suit, and the plaintiff's claims against them are dismissed pursuant to 28 U.S.C. § 1915A. *See also Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (recognizing that claims dismissed for prosecutorial immunity are deemed frivolous); *Hardy v. Mourges*, No. 24-CV-2102, 2024 WL 2784343, at *2 (S.D.N.Y. May 28, 2024).

b.   **Defense Counsel Del Atwell**

The plaintiff alleges that his defense attorney, Del Atwell, an 18B attorney assigned to represent him in his pending Suffolk County criminal case (ECF No. 1 at 2.), denied him "[his] right to testify at the grand jury" in that action (*id.* at 4.) Section 1983 imposes liability for constitutional violations by state actors; Atwell, a private attorney, is not a state actor. "[P]ublic defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position." *Delarosa v. Serita*, No. 14-

4

CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys — even if the attorney was court appointed — are not state actors for the purposes of 1983 claims."); *Harvey v. Queens Cty. Dist. Attorney*, No. 18-CV-5373, 2020 WL 837357, at *3 (E.D.N.Y. Feb. 20, 2020) ("[C]ourt-appointed attorneys . . . do not act under color of state law when they perform traditional functions of counsel."); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). The plaintiff does not allege any facts that could plausibly support a finding that his lawyer was a state actor or acted under color of state law. Nor has he alleged any facts from which the Court could reasonably construe a plausible § 1983 conspiracy or joint actor claim. *See, e.g.*, *DeFreitas v. Toulon*, No. 23-CV-5933, 2024 WL 308250, at *10 (E.D.N.Y. Jan. 26, 2024). Thus, the plaintiff cannot state a § 1983 claim against his defense attorney.

To the extent that the plaintiff wishes to pursue a claim of ineffective assistance of counsel in connection with the state court criminal proceedings, he must make that claim in the state court, or if he is convicted of the state court charges, in state court post-conviction proceedings. *See, e.g.*, *Randolph*, 2021 WL 1124603, at *4 (noting that a plaintiff who has been convicted in state court may raise an ineffective assistance of counsel claim during "his appeals in state court and then [through] a petition for a writ of *habeas corpus* in federal court" (citation omitted)).

Accordingly, the plaintiff's claims against Atwell are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. Injunctive Relief

In addition to monetary damages, the plaintiff seeks "injuncti[ve] relief," including that his "case [be] dismissed or the matter [be] remitted back to the grand jury," and that "all evidence [be] precluded for failing to comply with discovery rules." (ECF No. 1 at 6.) The plaintiff appears to ask the Court to intervene in the pending state criminal proceedings, which is not relief this Court can provide.[2]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not interfere with pending state court criminal actions, absent some extraordinary circumstances such as bad faith, harassment, or irreparable injury that is both serious and immediate. *See id.* at 49; *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."); *see also Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (*Younger* abstention applies to claims for injunctive and declaratory relief). The plaintiff has not alleged bad faith prosecution, harassment, or irreparable injury with respect his pending state criminal proceedings. Therefore, the *Younger* abstention doctrine bars the plaintiff's request for an injunction. *See, e.g.*, *Garcia v. Westchester Cty. Dist. Attorney's Off.*, No. 21-CV-00348, 2021 WL 411546, at *2 (S.D.N.Y. Feb. 4, 2021) (denying the plaintiff's request to intervene in his pending state court criminal appeal under *Younger*).

Moreover, to the extent that the plaintiff seeks to challenge the validity of his confinement or release from custody, he cannot raise those claims in a § 1983 action in this

---

[2] A review of the New York State Unified Court System website indicates that the plaintiff has pending criminal actions, and that the next court dates are July 1, 2024, and July 9, 2024. *See* New York State Unified Court System, WebCriminal Defendant Search, https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited June 18, 2024).

6

Court.  *See id.* at \*3 ("A plaintiff may not challenge the validity of his confinement or seek release from custody in a civil action under § 1983, but must instead bring a petition for a writ of *habeas corpus* to seek such relief," after "exhausting his available state-court remedies." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); 28 U.S.C. § 2254)).  The plaintiff's request for injunctive relief is denied.

## CONCLUSION

For the reasons set forth above, the plaintiff's § 1983 claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The plaintiff's request for preliminary injunctive relief is denied.

Further, the Court has construed the complaint liberally, and considered whether to grant leave to amend the complaint but finds that amendment would be futile. *See Johnson v. Horowitz*, No. 22-CV-325, 2022 WL 683755, at *3 (E.D.N.Y. Mar. 7, 2022) (denying leave to amend where court abstained from intervening in state criminal proceeding based on *Younger*); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court's decision to dismiss complaint without leave to amend where amendment would be futile).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, note the mailing on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                   s/Ann M. Donnelly
                                                           ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
       July 2, 2024